**Robert P. RAMIREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43672.

Court of Criminal Appeals of Texas.

April 20, 1971.

Bob C. Hunt, Houston, court appointed on appeal, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Fred Heacock, Asst. Dist. Attys., Houston and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault with the punishment assessed at 8 years.

In alleging the offense the indictment charged that the appellant made an assault upon the complaining witness "and did then and there by such assault and by violence and by putting the said Gary R. Padon in fear of life and bodily injury" fraudulently take from his possession certain personal property without his consent and against his will.

In three grounds of error appellant challenges the sufficiency of the evidence to sustain the conviction, contending the property alleged was acquired by artifice and fraud and not by assault or violence.

Gary R. Padon, a superintendent for a gas compressor company in Houston, testified that on the afternoon of December 14, 1968, he met with an employee of a competitor to discuss personnel problems; that they adjoined to a club where they had a few drinks while they talked; that at approximately 7:30 p. m. while on his way home he stopped at a service station in Harris County to use the restroom. He related that while he was there he was accosted by the appellant who stated he was a narcotics officer, who then grabbed him (Padon) by the shoulder, spun him around and against the wall, searched him and examined his arms. Padon revealed that the appellant took a knife from him, and that as a result of the shakedown he was put in fear of his life or serious bodily injury. Thereafter appellant took a jacket and tape recorder

from Padon. Appellant then announced he was taking the complaining witness to the police station, and they left in Padon's car. When they did not go in the direction of the police station Padon determined that appellant was not a police officer. When the appellant asked for a camera that was in Padon's car, Padon refused to give it to him though Padon did not resist the taking since he knew that appellant was now armed with a hunting knife taken earlier.

After appellant got out of the car, Padon drove to a police substation and reported the incident. The appellant was arrested the following day wearing Padon's jacket and in possession of the knife bearing Padon's name.

The appellant did not testify but called the attendant at the service station who testified that Padon appeared to be intoxicated when he arrived at the station; that he remained in the restroom about thirty minutes; that other men asked to use the restroom and said something about the man in there having "passed out"; that when Padon left with another man he made no outcry or complaint to the attendant.

The issue of robbery by assault was submitted to the jury, and we deem the evidence sufficient to support the verdict.

It·is clear from the State's evidence the appellant made an unlawful assault upon Padon by grabbing him, spinning him and shaking him down, and that Padon was put in fear of his life or serious bodily injury and the property alleged (knife, jacket and tape recorder) was taken. Such acts are sufficient to constitute robbery as defined in Article 1408, Vernon's Ann.P.C. The mere fact that the appellant was impersonating an officer at the time the assault was made does not prevent the offense from being robbery. McCormick v. State, 26 Tex.App. 678, 9 S.W. 277. The items alleged were taken from the complaining witness without his consent. They were not given to the appellant willingly under the impression that he was a police officer.

At the hearing on punishment it was shown appellant had a prior conviction for possession of heroin.

The judgment is affirmed.

ODOM, J., not participating.